UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| ALLEN TAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>ALORE, LLC<br><br>        Defendant. | Case No.: 3:19-cv-5086<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 et. Seq.]<br>2. REVISED CODE OF WASHINGTON UNFAIR BUSINESS PRACTICES – CONSUMER PROTECTION ACT 19.86<br>3. REVISED CODE OF WASHINGTON – INVASION OF PRIVACY 42.56.050 |
|---|---|

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Allen Taylor ("Plaintiff"), through her attorneys, alleges the following against Defendant, ALORE, LLC, ("Defendant" or "ALORE"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Revised Code of Washington's Unfair Business Practices – Consumer Protection Act Chapter 19.86. ("WCPA").

The Consumer Protection Act is a Washington state statute that prohibits unfair and deceptive practices.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B and Revised Code of Washington 42.56.050, which prohibit an intentional intrusion, "that would be highly offensive to a reasonable person and is not of legitimate concern to the public."

## JURISDICTION AND VENUE

4. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq.

5. Venue in this district is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Aberdeen, Grays Harbor County, Washington.

8. Defendant ALORE is a pharmaceutical company engaged in the business of home deliveries of medical supplies and medications, with its registered agent located in Salem, Oregon. Defendant can be served with process through its registered agent, Corporation Service Company, at the 1127 Broadway Street NE, Suite 310, Salem, Oregon 97301.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant was attempting to solicit business from Plaintiff, who is seventy-two (72) year-old diabetic consumer.

11. In or around June of 2018, Defendant began placing calls to Plaintiff's cellular phone number (XXX) XXX-8270, without his permission, in an attempt to solicit business.

12. The calls mainly originated from the following numbers: (305) 403-5867, (305) 722-9456, and (305) 436-6033. Upon information and belief, these numbers are owned or operated by Defendant.

13. Plaintiff was at one time a customer of Defendant ALORE.

14. However, after receiving so many deliveries of diabetic test strips (wholly paid for by Medicare) from Defendant that Plaintiff could never use them all, he asked Defendant in early 2018 to cancel his account and stop shipping him the test strips.

15. Although Defendant told Plaintiff it had cancelled his account, Defendant refused to cease its incessant solicitation calls to him.

16. When Plaintiff answered calls from Defendant, he told them to stop calling him, but it didn't matter; the calls kept coming.

17. The calls became so harassing that Plaintiff even called Defendant several times to ask Defendant to stop calling him.

18. Plaintiff is a real estate agent and avers he has gone into many homes of deceased homeowners and has found stacks of unopened boxes of diabetic test strips from ALORE. Apparently, Plaintiff is not alone in being targeted for shipment of this government-paid product, regardless of need.

19. On or about June 8, 2018, Plaintiff answered a call at 1:09 p.m. from (305) 722-9456 and spoke with a representative. During that call, Plaintiff unequivocally revoked consent to ever be called again on his cellular telephone.

20. Plaintiff revoked again multiple times when called by Defendant on August 26, 2018; August 27, 2018; November 19, 2018; November 25, 2018; November 28, 2018; December 2, 2018; and December 9, 2018.

21. In fact, Plaintiff unequivocally revoked his consent to be called at least ten (10) times; when answering calls from Defendant, Plaintiff heard a pause before the representative began to speak, indicating the use of an automated telephone dialing system.

22. Plaintiff continued to receive calls from Defendant after Plaintiff's multiple revocations.

23. Between June 2018 and January 2019, Defendant contacted Plaintiff's cellular telephone approximately one-hundred and fifty (150) times after his having unequivocally revoked consent (multiple times) to be contacted.

24. Most calls made by ALORE were followed by prerecorded voicemail messages to Plaintiff's cellular phone stating: "This is ALORE pharmacy. If you are ready to reorder your supplies, contact us at 866-938-4482."

25. Defendant's conduct was not only willful but was done with the intention of causing Plaintiff such distress so as to induce him to purchase Defendant's products in order to stop the calls.

26. Defendant's assault of automated solicitation calls, even after Plaintiff spoke to Defendant and revoked his consent at least ten (10) times has caused Plaintiff to suffer stress, frustration, headaches, and emotional and mental anguish.

27. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for *each and every violation*, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of Revised Code of Washington Unfair Business Practices – Consumer Protection Act 19.86)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant violated Revised Code of Washington Unfair Business Practices - Consumer Protection Act 19.86.020 which states in pertinent part, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

33. As a result of Defendant's violations of 19.86.020, Plaintiff is entitled to recover her actual damages sustained pursuant to 19.86.090. Further, also pursuant to

19.86.020, the Court has the discretion to award Plaintiff three times her actual damages.

## COUNT III

### (Intrusion Upon Seclusion)

34. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

35. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes … upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36. Revised Code of Washington 42.56.050 prohibits an intentional intrusion, "that would be highly offensive to a reasonable person and is not of legitimate concern to the public."

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b) The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c) Defendant's conduct would be highly offensive to a reasonable person.

d) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Allen Taylor, respectfully requests judgment be entered against Defendant, ALORE, for the following:

A. Actual damages pursuant to 47 U.S.C. § 227(b)(3)(B); or

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B); and/or

C. Punitive damages pursuant to 47 U.S.C. § 227(b)(3)(C); and

D. Actual damages pursuant to the Revised Code of Washington Chapter 19.86.020; and

E. Costs and reasonable attorneys' fees pursuant to the Revised Code of Washington Chapter 19.86.020; and

F. Any punitive damages that this Court may be allowed to award Plaintiff; and

G. Any pre-judgment and post-judgment interest as may be allowed under the law; and

H. For such other and further relief as the Court may deem just and proper.

//

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

DATED: February 1, 2019

*/s/Dawn M. McCraw*
Dawn M. McCraw, WSBA #54543
Price law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (866) 683-3985
E: dawn@pricelawgroup.com
*Counsel for Plaintiff*
*Allen Taylor*