The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLEN TAYLOR,<br><br>        Plaintiff,<br><br> v.<br><br>ALORE, LLC,<br><br>        Defendant. | Case No. 3:19-cv-05086 BHS<br><br>**ALORE, LLC'S ANSWER** |

Defendant Alore, LLC ("Defendant" or "Alore"), by and through its counsel, hereby answers the averments set forth in Plaintiff Allen Taylor's ("Plaintiff" or "Taylor") Complaint (the "Complaint"), as numbered herein, and asserts affirmative defenses to the Complaint as follows below. In responding to the Complaint, Alore denies all allegations contained therein unless specifically admitted below.

**<u>INTRODUCTION</u>**

1. The allegations in Paragraph 1 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations in Paragraph 1.

2. The allegations in Paragraph 2 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the

ALORE, LLC'S ANSWER
Case No. 3:19-cv-05086 BHS

1

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/118723184v.2

allegations in Paragraph 2.

3.  The allegations in Paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.  The allegations in Paragraph 4 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore admits that this action arises in part under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a law of the United States.

5.  The allegations in Paragraph 5 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore admits that some of the events giving rise to the claim occurred in this District. Alore is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5. Therefore, those allegations are deemed denied.

6.  The allegations in Paragraph 6 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore admits that it transacts some business within this district.

## PARTIES

7.  The allegations in Paragraph 7 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore admits that Plaintiff is a natural person. Alore is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7. Therefore, those allegations are deemed denied.

8.  The allegations in Paragraph 8 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore admits that it is a

**ALORE, LLC'S ANSWER**  
**Case No. 3:19-cv-05086 BHS**

2

**VAN KAMPEN & CROWE** PLLC  
1001 Fourth Avenue, Suite 4050  
Seattle, Washington 98154-1000  
(206) 386-7353

155389.00601/118723184v.2

pharmaceutical company and offers a home-delivery option to its customers.  Alore also admits that it can be served through its registered agent.

9. The allegations in Paragraph 9 of the Complaint contain conclusions of law to which no response is required.  To the extent that a response is required, Alore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.  Therefore, those allegations are deemed denied.

**FACTUAL ALLEGATIONS**

10. The allegations in Paragraph 10 of the Complaint contain conclusions of law to which no response is required.  To the extent that a response is required, Alore admits that Plaintiff was an existing customer of Alore.  Alore is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.  Therefore, those allegations are deemed denied.

11. The allegations in Paragraph 11 of the Complaint contain conclusions of law to which no response is required.  To the extent that a response is required, Alore specifically denies that it began placing calls to Plaintiff's cellular phone in or around June of 2018 and that any calls in that time period were without Plaintiff's permission.  Alore admits that it is a pharmacy and that contacts customers to refill prescriptions.  Alore is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.  Therefore, those allegations are deemed denied.

12. The allegations in Paragraph 12 of the Complaint contain conclusions of law to which no response is required.  To the extent that a response is required, Alore admits that the phone numbers (305) 403-5867 and (305) 722-9456 belong to Alore.  Alore specifically denies that the phone number (305) 436-6033 belongs to Alore.  Alore is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.  Therefore, those allegations are deemed denied.

13. Alore admits that Plaintiff was its customer, including throughout most of 2018.

**ALORE, LLC'S ANSWER**
**Case No. 3:19-cv-05086 BHS**

3

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/118723184v.2

14. The allegations in Paragraph 14 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore specifically denies that Plaintiff asked Alore in early 2018 to cancel his account and stop shipping him the test strips. Alore is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14. Therefore, those allegations are deemed denied.

15. The allegations in Paragraph 15 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 15.

16. The allegations in Paragraph 16 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 16.

17. The allegations in Paragraph 17 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 17.

18. The allegations in Paragraph 18 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18. Therefore, those allegations are deemed denied.

19. The allegations in Paragraph 19 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore admits that it placed a call to Plaintiff on June 8, 2018. Alore denies any implied allegation that this call was without permission. Alore specifically denies that during that call, Plaintiff unequivocally revoked consent for Alore to call him again on his cellular telephone. Alore is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19. Therefore, those allegations are deemed denied.

**ALORE, LLC'S ANSWER**  
**Case No. 3:19-cv-05086 BHS**

4

**VAN KAMPEN & CROWE** PLLC  
1001 Fourth Avenue, Suite 4050  
Seattle, Washington 98154-1000  
(206) 386-7353

155389.00601/118723184v.2

20. The allegations in Paragraph 20 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 20.

21. The allegations in Paragraph 21 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore specifically denies that Plaintiff unequivocally revoked his consent to be called by Alore at least ten times. The remaining allegations are deemed denied.

22. The allegations in Paragraph 22 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 22.

23. The allegations in Paragraph 23 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 23.

24. The allegations in Paragraph 24 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 24.

25. The allegations in Paragraph 25 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 25.

26. The allegations in Paragraph 26 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 26.

27. The allegations in Paragraph 27 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 27.

**ALORE, LLC'S ANSWER**  
**Case No. 3:19-cv-05086 BHS**

5

**VAN KAMPEN & CROWE** PLLC  
1001 Fourth Avenue, Suite 4050  
Seattle, Washington 98154-1000  
(206) 386-7353

155389.00601/118723184v.2

28. Alore incorporates by reference, as though fully set forth herein, its answers to Paragraphs 1 through 27.

29. The allegations in Paragraph 29 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 29.

30. The allegations in Paragraph 30 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 30.

31. Alore incorporates by reference, as though fully set forth herein, its answers to Paragraphs 1 through 30.

32. The allegations in Paragraph 32 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 32.

33. The allegations in Paragraph 33 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 33.

34. Alore incorporates by reference, as though fully set forth herein, its answers to Paragraphs 1 through 33.

35. The allegations in Paragraph 35 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 35.

36. The allegations in Paragraph 36 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 36.

**ALORE, LLC'S ANSWER**  
**Case No. 3:19-cv-05086 BHS**

6

**VAN KAMPEN & CROWE** PLLC  
1001 Fourth Avenue, Suite 4050  
Seattle, Washington 98154-1000  
(206) 386-7353

155389.00601/118723184v.2

37. The allegations in Paragraph 37 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 37.

38. The allegations in Paragraph 38 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Alore denies the allegations of Paragraph 38.

## PRAYER FOR RELIEF

Alore denies that Plaintiff is entitled to the relief prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise, it becomes appropriate to assert such defenses, Alore asserts the following affirmative defenses:

**First Affirmative Defense**
**(Failure to State a Claim)**

The Complaint and the cause of action therein fail to state a claim against Alore upon which relief can be granted.

**Second Affirmative Defense**
**(Consent)**

The Complaint and the causes of action therein are barred to the extent that Plaintiff provided Alore, or any third party not named in the Complaint, with consent for the alleged calls, including, without limitation, "prior express consent" under the TCPA.

**Third Affirmative Defense**
**(Unconstitutional Vagueness and Overbreadth)**

**ALORE, LLC'S ANSWER**  7  **VAN KAMPEN & CROWE** PLLC
**Case No. 3:19-cv-05086 BHS**   1001 Fourth Avenue, Suite 4050
   Seattle, Washington 98154-1000
   (206) 386-7353

155389.00601/118723184v.2

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

### Fourth Affirmative Defense
### (Excessive Penalties, Due Process)

The statutory penalties sought by Plaintiff are excessive and thus violate the Due Process Clause of the United States Constitution, and the Due Process provision of the United States Constitution.

### Fifth Affirmative Defense
### (Accord and Satisfaction)

Plaintiff's claims are barred by accord and satisfaction because Alore offered or will offer valuable consideration to Plaintiff in full satisfaction and discharge of Alore's alleged liability to the Plaintiff.

### Sixth Affirmative Defense
### (Third Parties)

The matters that are the subject of this Complaint and the actions therein complained of are attributable to third parties over whom Alore has no control or right to control, and recovery is therefore barred or proportionately reduced accordingly.

### Seventh Affirmative Defense
### (Substantial Compliance with Laws)

Alore is not liable to Plaintiff because Alore acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**ALORE, LLC'S ANSWER**
**Case No. 3:19-cv-05086 BHS**

8

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/118723184v.2

### Eighth Affirmative Defense
### (Waiver and Estoppel)

Plaintiff has waived his right to recover herein, in whole or in part, and/or is also barred by the doctrine of estoppel.

### Ninth Affirmative Defense
### (Proportional Allocation of Fault)

Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Alore, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### Tenth Affirmative Defense
### (Not Knowing or Willful)

Plaintiff is precluded from any recovery from Alore for a willing and knowing violation of the TCPA because any such violation, which Alore denies occurred, would not have been willful or knowing.

### Eleventh Affirmative Defense
### (Safe Harbor)

The Complaint and the causes of action therein are barred to the extent that any calls after a revocation of consent by Plaintiff, which Alore denies occurred, fall within the 30-day safe harbor period for compliance under the TCPA.

### Twelfth Affirmative Defense
### (No Vicarious Liability)

Alore is not vicariously liable to Plaintiff for any calls by a third-party which were not ratified by Alore.

**ALORE, LLC'S ANSWER**  
**Case No. 3:19-cv-05086 BHS**

9

**VAN KAMPEN & CROWE** PLLC  
1001 Fourth Avenue, Suite 4050  
Seattle, Washington 98154-1000  
(206) 386-7353

155389.00601/118723184v.2

**RESERVATION OF RIGHTS**

Alore reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery. Alore reserves the right to assert such additional affirmative defenses as the need arises.

**PRAYER**

WHEREFORE, Alore denies that Plaintiff is entitled to the relief sought. Alore respectfully requests that the Court:

1. Dismiss the Complaint with prejudice and enter judgment for Alore;

2. Award Alore its expenses incurred in defending this action; and

3. Grant such other and further relief as the Court deems just and proper.

Dated: April 2, 2019

Respectfully submitted,

/s/ *David E. Crowe*
David E. Crowe, WSBA No. 43529
Van Kampen & Crowe PLLC
1001 Fourth Avenue, Suite 4050
Seattle, WA 98154
Tel: (206) 386-7353
Fax: (206) 405-2825
Email: DCrowe@VKClaw.com

Ana Tagvoryan (Pro Hac Vice to be filed)
Ghazal Tajmiri (Pro Hac Vice to be filed)
Blank Rome LLP
2029 Century Park East, 6th Floor
Tel: 424-239-3409
Email: atagvoryan@blankrome.com
Email: gtajmiri@blankrome.com

ATTORNEYS FOR THE DEFENDANT

**ALORE, LLC'S ANSWER**
**Case No. 3:19-cv-05086 BHS**

10

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/118723184v.2

**Declaration of Service**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dawn M. McCraw
Price Law Group, APC
8245 N. 85th Way
Scottsdale, Arizona  85258
Phone:  (818) 600-5585
Email: dawn@pricelawgroup.com
Attorneys for Plaintiff

Signed at Seattle, Washington this 2nd day of April, 2019.

*s/ David E. Crowe*
David E. Crowe

**ALORE, LLC'S ANSWER**
**Case No. 3:19-cv-05086 BHS**

11

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/118723184v.2