1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

8

9   ALLEN TAYLOR,                          Case No.  3:19-cv-05086 BHS

10                      Plaintiff,          **DEFENDANT ALORE, LLC'S**
                                            **OPPOSITION TO PLAINTIFF'S**
11          v.                              **MOTION FOR LEAVE TO AMEND**
                                            **COMPLAINT**
12   ALORE, LLC,

13                      Defendant.

14

15          Plaintiff Allen Taylor's ("Plaintiff") motion for leave to amend his Complaint should be

16   denied for the same reason that Count II of his original Complaint should be dismissed:[1] the two

17   causes of action sought to be added are inapplicable to the at-issue facts, and the amendment is a

18   transparent attempt to improperly seek attorney's fees and unreasonably multiply the

19   proceedings in violation of 28 U.S.C. § 1927. It is now evident that Plaintiff and his counsel used

20   the parties' informal early exchange of information to prolong the litigation and bolster their plea

21   for attorney's fees, given that Plaintiff has provided zero evidence to support the claimed number

22   of calls, as detailed in Defendant's portions of the Joint Status Report filed with the Court on

23   May 28, 2019. Docket No. 19, at 3:9–4:15. Plaintiff's Motion to Amend fails to identify a single

24   "new fact" learned during the parties' informal exchange of information—because no new facts

25

26   _____
     [1] Alore's motion for judgment on the pleadings as to Count II of Plaintiff's Complaint under the
27   Washington Consumer Protection Act is filed concurrently.

DEFENDANT ALORE, LLC'S OPPOSITION TO          1          **VAN KAMPEN & CROWE** PLLC
PLAINTIFF'S MOTION FOR LEAVE TO                           1001 Fourth Avenue, Suite 4050
AMEND COMPLAINT                                           Seattle, Washington 98154-1000
Case No. 3:19-cv-05086-BHS                                      (206) 386-7353

1  were learned, other than that Plaintiff's allegation of 150 calls was false. Accordingly, Plaintiff

2  fails to satisfy the requirements for amendment under Rule 15(a)(2).

3  **I.    BACKGROUND**

4        Alore is a health care supplier that provides prescription medical supplies, such as

5  diabetes testing products, to patients. *See* Compl. ¶¶ 8, 14, 24. Plaintiff, who admits that he was

6  an Alore customer and never had to pay for any Alore health care-related products, is now suing

7  Alore with claims that he received unsolicited, automated calls. Docket No. 1, Compl. ¶¶ 13–27.

8  Plaintiff first claimed, without any evidence, that Alore contacted him 150 times without his

9  prior express consent, but has since reduced that alleged number to 50. *Compare* Compl. ¶ 23

10 *with* Docket No. 21-2, Proposed Am. Compl. ("FAC") ¶ 30; *see also* Docket No. 21, Pl.'s Mot.

11 for Leave to Amend Compl., at 2:9–14. Based on these allegedly unconsented-to calls, Plaintiff

12 initially asserted three counts against Alore: (1) Violation of the TCPA, (2) Violation of the

13 Washington Consumer Protection Act, and (3) Intrusion Upon Seclusion. Compl. ¶¶ 28–38.

14       In his proposed First Amended Complaint, Plaintiff seeks to add new counts against

15 Alore for violation of RCW 80.36.400 (Washington Dialing and Announcing Device Act, or

16 "WADAD"), and RCW 80.36.390 (Washington Do Not Call Statute, or "WDNC"). Plaintiff

17 claims that "through informal exchange of information, [he] has been made aware of additional

18 new facts," but this is false; nothing provided by Alore during the parties' informal discovery

19 exchange was basis for new claims. Plaintiff could have easily pleaded these "new facts" in his

20 original Complaint, based on facts already alleged and within his knowledge, that Alore

21 "routinely called [him] using a prerecorded telemarketing message." Pl.'s Mot. for Leave to

22 Amend Compl., at 2:15–19. More importantly, neither of these proposed causes of action apply

23 to Plaintiff's factual allegations against Alore, yet are sought to be added here as additional

24 transparent threats to seek attorney's fees and needlessly drive up the costs of litigation.

25       ///

26       ///

27

DEFENDANT ALORE, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND COMPLAINT
Case No. 3:19-cv-05086-BHS

2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## II.    LEGAL STANDARD

### A.    Leave to Amend Pleadings

Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). In assessing the propriety of leave to amend, courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *U.S. v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The party opposing amendment bears the burden of showing any permissible reasons for denying another party's motion to amend. *Richardson v. U.S.*, 841 F.2d 993, 999 (9th Cir. 1988).

### B.    Federal Court Interpretation of Washington Law

Under RCW 80.36.400 (WADAD), a "commercial solicitation" is defined as "the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services." Under RCW 80.36.390 (WDNC), a "telephonic solicitation" is defined as, with four exclusions, "the unsolicited initiation of a telephone call by a commercial or nonprofit company or organization to a residential telephone customer and conversation for the purpose of encouraging a person to purchase property, goods, or services or soliciting donations of money, property, goods, or services."

When interpreting provisions of Washington law that use text "substantially similar" to their federal counterparts, and for which there is no guidance from Washington courts, a federal court should look to federal law for guidance. *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 919 (9th Cir. 2012). In *Chesbro*, the Ninth Circuit recognized that there was no guidance from Washington courts[2] regarding how to interpret the terms "commercial solicitation" under RCW 80.36.400 (WADAD) and "telephone solicitation" under RCW 80.36.390 (WDNC), also noted that the terms' statutory definitions were "nearly identical." *Id.* As a result, it looked to federal

---

[2] Based on Alore's research, since *Chesbro* was decided in 2012, there still has not been guidance from Washington appellate courts regarding how to interpret these terms.

DEFENDANT ALORE, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND COMPLAINT
Case No. 3:19-cv-05086-BHS

3

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

authorities' interpretation of what constitutes telemarketing, including the Federal
Communications Commission's ("FCC") orders and regulations promulgated under the TCPA,
for guidance. *Id.* at 917–19. The Court should do the same here.

### III.   ARGUMENT

#### A.   Plaintiff's Proposed Amendments Will be Futile.

##### 1.   Medical Supply/Prescription Renewal Requests Are Not Solicitations.

As Plaintiff notes, "[a] proposed amendment to a complaint is futile only if no set of facts
can be proved under the amendment that would constitute a valid and sufficient claim." *McEuen
v. Riverview Bancorp, Inc.*, No. C12-5996 RJB, 2013 WL 646045, at *3 (W.D. Wash. Feb. 21.
2013). Because all calls by Alore to Plaintiff were medical supply and prescription refill requests,
neither of which are telephonic solicitations as a matter of law, there is no set of facts that
Plaintiff could prove under his proposed FAC that would support a claim under RCW 80.36.400
(WADAD) or 80.36.390 (WDNC), and thus amendment would be futile.

Under its rulemaking authority granted to it by Congress, the FCC determined that calls
subject to the Health Insurance Portability and Accountability Act ("HIPAA"), including medical
supply renewal requests, "are intended to communicate health care-related information rather
than to offer property, goods, or services **and conclude[d] that such calls are not unsolicited
advertisements**." *Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG
Docket No. 02-278, Report and Order, 27 FCC Rcd 1830, 1854 ¶ 57, 1855 ¶ 63 (2012)
(emphasis added) ("2012 TCPA Order"); *see Jackson v. Safeway, Inc.*, No. 15-cv-04419-JSC,
2016 WL 5907917, at *6 (N.D. Cal. Oct. 11, 2016) (citing the 2012 TCPA Order to find that
immunization reminders, such as flu shot reminder calls, are not telemarketing); *Latner v. Mount
Sinai Health Sys., Inc.*, No. 16 Civ. 683 (AKH), 2016 WL 10571897, at *3 (S.D.N.Y. Dec. 14,
2016) (same).

Under the HIPAA Privacy Rule, the term "health care" includes "care, services, or
*supplies* related to the health of an individual," and includes (1) preventive, diagnostic, or

DEFENDANT ALORE, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND COMPLAINT
Case No. 3:19-cv-05086-BHS

4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   maintenance care, and (2) "[s]ale or dispensing of a drug, *device, equipment, or other item in*

2   *accordance with a prescription*." 45 C.F.R. § 160.103 (emphasis added). Further, health care

3   communications, such as refill reminders, are not "marketing" under HIPAA; in fact, HIPAA

4   provides many exclusions from the "marketing" definition because treatment of individuals and

5   related activities often necessarily involves promotion of health care products and services. *See*

6   45 C.F.R. § 164.501. This determination that health care-related calls are not telemarketing as a

7   matter of law, and thus also not telephonic solicitations,[3] includes all calls from Alore alleged by

8   Plaintiff because they all relate to medical supply and prescription renewal requests for diabetic

9   test strips covered by Medicare. *See*, *e.g.*, FAC ¶¶ 12, 15–16, 31 ("This is Alore pharmacy. If you

10   are ready to *reorder your supplies* . . ." (emphasis added)).

### 2.     Plaintiff's Fails to State a WADAD Claim.

12       Count IV of Plaintiff's proposed FAC alleges that Alore violated WADAD, RCW

13   80.36.400. Specifically, Plaintiff claims that Alore violated WADAD subsection (2), which

14   states, "No person may use an automatic dialing and announcing device for purposes of

15   commercial solicitation. This section applies to all commercial solicitation intended to be

16   received by telephone customers within the state." An "automatic dialing and announcing device"

17   is defined as "a device which automatically dials telephone numbers and plays a recorded

18   message once a connection is made." RCW 80.36.400(1)(a). "Commercial solicitation" is "the

19   *unsolicited* initiation of a telephone *conversation* for the purpose of encouraging a person to

20   purchase property, goods, or services." RCW 80.36.400(1)(b) (emphasis added). Any call that

21   does not result in a "conversation," such as a hang-up, disconnection, or a call that "simply

22   provide[s] information," is necessarily excluded from the "commercial solicitation" definition.

23   *See Cubbage v. Talbots, Inc.*, No. C09-91BHS, 2010 WL 2710628, at *5 (W.D. Wash. July 7,

24

---

25   [3] Under federal law, the definition of "telemarketing" and "telephone solicitation" are nearly
     identical, except that the "solicitation" definition adds exceptions relating to the parties'
26   relationship. 47 C.F.R. § 64.12000(f)(12), (f)(14). In other words, a telephone solicitation
     necessarily is telemarketing; if a call is not telemarketing, it cannot be a telephone solicitation.
27

DEFENDANT ALORE, LLC'S OPPOSITION TO          5          **VAN KAMPEN & CROWE** PLLC
PLAINTIFF'S MOTION FOR LEAVE TO                          1001 Fourth Avenue, Suite 4050
AMEND COMPLAINT                                          Seattle, Washington 98154-1000
Case No. 3:19-cv-05086-BHS                                       (206) 386-7353

1  2010) (finding that "the mere transmittal of a recorded message is not a conversation" under

2  WADAD).[4]

3          As previously noted, Plaintiff cannot state a WADAD claim as to any of Alore's calls,

4  which do not qualify as commercial solicitations. Because Washington courts have not yet

5  weighed in regarding whether a health care-related call constitutes a commercial solicitation

6  under WADAD, courts within the Ninth Circuit should look to federal law for guidance. *See*

7  *Chesbro*, 705 F.3d at 919. Federal law is unambiguous in its determination that health care-

8  related calls, such as those Plaintiff alleges came from Alore, are not solicitations. Plaintiff thus

9  cannot state a claim under WADAD, and his motion to amend to add this count should be denied.

10         **3.  Plaintiff's Fails to State a WDNC Claim.**

11         Count V of Plaintiff's proposed FAC alleges that Alore violated WDNC, RCW 80.36.390.

12  WDNC restricts companies from making telephonic solicitations for one year after a "do not call"

13  request from the called party. RCW 80.36.390(3). For the same reason that Plaintiff's proposed

14  WADAD claim fails—namely, that health care-related calls do not qualify as solicitations—

15  Plaintiff's proposed WDNC claim also fails, as non-solicitations are outside the ambit of WDNC.

16  Like WADAD, WDNC also requires that a "conversation" occur, and thus the majority of

17  Plaintiff's alleged calls are excluded for that reason as well. RCW 80.36.390(1); FAC ¶ 31; *see*

18  *Kalmbach v. Nat'l Rifle Ass'n of Am.*, No. C17-399-RSM, 2017 WL 3172836, at *4–5 (W.D.

19  Wash. July 26, 2017) (dismissing the plaintiff's WDNC claim because she did not allege a

20  conversation took place in any call).

21         Uniquely, WDNC's definition of "telephone solicitation" also requires that the call be

22  made to "a residential telephone customer," which further invalidates Plaintiff's attempt to add

23  this cause of action. RCW 80.36.390(1). Plaintiff does not allege that any calls went to his

24

25  [4] Plaintiff alleges that "[m]ost calls made by Alore were followed by prerecorded voicemail
    messages," which necessarily means that a conversation did not occur, and thus any such call is
26  not actionable under WADAD. FAC ¶ 31. Plaintiff's claim for statutory damages of $500.00 "for
    every prerecorded call" is also not supported by the plain terms of the statute. *See* FAC ¶ 54.
27

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

residential telephone line (a.k.a. a landline), but rather to his cellular telephone, and thus WDNC does not apply. FAC ¶¶ 13, 19, 28, 30–31, 34, 37. To the extent that Plaintiff contends that his cellular telephone is a "residential telephone," there is no Washington case law supporting such a position, and federal law—including the TCPA, under which Plaintiff also asserts a claim—delineates between the two. *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) (restricting calls made to "cellular telephone service") *with* 47 U.S.C. § 227(b)(1)(B) (restricting calls made to "residential telephone line"); *see Breslow v. Wells Fargo Bank*, 857 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) ("Practical realities support a distinction between residential and cellular lines."), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

If a cellular telephone qualified as a residential telephone line, there would be no need to distinguish between the two. *See*, *e.g.*, *Cunningham v. Carribean* [sic] *Cruise Lines, Inc.*, No. 15-62580-CIV, 2016 WL 7494871, at *2 (S.D. Fla. Dec. 29, 2016) ("While Plaintiff argues that his cellular phone serves as both a mobile and residential line, the Eleventh Circuit distinguishes residential land line telephone numbers from cell-phone numbers. . . . [T]he Court finds Plaintiff's assertion that a cellular phone can be converted into a residential phone unavailing."); *Sepehry-Fard v. Dep't Stores Nat. Bank*, 15 F. Supp. 3d 984, 987 (N.D. Cal. 2014) (dismissing complaint in part because the plaintiff did not distinguish between calls to his cell phone or his residential line); *Iniguez v. The CBE Grp.*, 969 F. Supp. 2d 1241, 1249 (E.D. Cal. 2013) ("[T]he TCPA makes a clear distinction between the provisions that apply to residential lines and those that apply to numbers assigned to a cellular telephone service."). The Court should not indulge Plaintiff's futile attempt to run up attorney's fees with these baseless additional causes of action.

**B.    Plaintiff Demonstrated Bad Faith and Undue Delay.**

In addition to the futility of amendment, Plaintiff's motion for leave should be denied due to bad faith and undue delay. Were it not for Plaintiff's demanding attorney's fees to which he is not legally entitled, this case would almost certainly have resolved already. *See* Docket No. 19, Joint [Rule 26(f)] Status Report & Disc. Plan, at 6:6–9 (In Plaintiff's own words, his settlement

DEFENDANT ALORE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
Case No. 3:19-cv-05086-BHS

7

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  position contends that "Defendant has also refused to consider Plaintiff's state law claims,

2  *including Plaintiff's available attorneys' fees during settlement discussions*, thereby rendering

3  settlement impossible at this early juncture."). To date, Plaintiff has wildly exaggerated the

4  volume of calls made by Alore, refused to acknowledge the legal limitations of his claims for

5  attorney's fees, and instead sought to incur additional fees through unnecessary motion practice

6  including this proposed amendment and a threatened motion to strike Alore's affirmative

7  defenses. This conduct should not be encouraged, and thus Plaintiff's motion for leave to amend

8  his Complaint should be denied.

9  **IV.    CONCLUSION**

10        For the foregoing reasons, Plaintiff's motion for leave to amend should be denied.

11  Alternatively, should the Court permit leave to amend, it should condition that amendment on

12  Plaintiff omitting his improper Count II and his proposed Counts IV and V.

13                            Dated this 24th day of June, 2019

14                            Respectfully submitted,

15

16                            /s/ *David E. Crowe*

17                            David E. Crowe, WSBA No. 43529
                              Van Kampen & Crowe PLLC
18                            1001 Fourth Avenue, Suite 4050
                              Seattle, WA 98154
19                            Tel: (206) 386-7353
                              Fax: (206) 405-2825
20                            Email: DCrowe@VKClaw.com

21                            Ana Tagvoryan (admitted pro hac vice)
22                            Justin M. Brandt (admitted pro hac vice)
                              Blank Rome LLP
23                            2029 Century Park East, 6th Floor
                              Los Angeles, CA 90067
24                            Tel: 424-239-3409
                              Email: atagvoryan@blankrome.com
25                            Email: jbrandt@blankrome.com
                              *ATTORNEYS FOR DEFENDANT*
26

27

**Declaration of Service**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dawn M. McCraw
Price Law Group, APC
8245 N. 85th Way
Scottsdale, Arizona  85258
Phone:  (818) 600-5585
Email: dawn@pricelawgroup.com
Attorneys for Plaintiff

Signed at Seattle, Washington this 24th day of June, 2019.

s/ *David E. Crowe*
David E. Crowe

DEFENDANT ALORE, LLC'S OPPOSITION TO            9
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND COMPLAINT
Case No. 3:19-cv-05086-BHS

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353