Hon. Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| ALLEN TAYLOR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALORE, LLC,<br><br>　　　　　　Defendant. | Case No. 3:19-cv-05086 BHS<br><br>**DEFENDANT ALORE, LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

REPLY IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

155389.00601/121349675v.1

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

Plaintiff Allen Taylor's Opposition ("Plaintiff") to Defendant Alore, LLC ("Alore")'s motion for judgment on the pleadings, which exclusively contests Plaintiff's Second Cause of Action under Washington's Consumer Protection Act ("CPA"), rests on two key arguments. Neither provides a plausible basis to sustain his CPA claim.

First, Plaintiff argues that his proposed Fourth Cause of Action under Washington's Dialing and Announcing Device Act ("WADAD")—which Plaintiff did not plead in the operative Complaint and has not yet been provided the Court's leave to assert—salvages his CPA claim. Alore does not dispute that if Plaintiff pleads a sustainable claim under WADAD, his CPA claim necessarily survives; however, Plaintiff's proposed WADAD claim cannot proceed because of the FCC's 2012 TCPA Order that prescription refill requests *and* medical supply renewal requests are not unsolicited advertisements, and thus they are outside the scope of WADAD. The FCC's guidance should be followed by this Court in the absence of contrary guidance from Washington courts. *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 919 (9th Cir. 2012). Further, as Plaintiff does not dispute in his Reply supporting his Motion for Leave to Amend[1] ("Motion for Leave"), a WADAD claim requires that a "conversation" take place[2], and thus Plaintiff's allegations of being "bombarded by prerecorded telemarketing robocalls and automated prerecorded voicemails" are not relevant. RCW 80.36.400(1); *see* Docket No. 27, Pl.'s Opp'n, at 3:1–2.

Second, Plaintiff contends that he meets all five elements of a CPA claim as enumerated by *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (Wash. 1986). However, a simple review of the Complaint and Proposed First Amended Complaint

---

[1] Plaintiff's nine-page reply (Docket No. 27) violates LCR 7(e)(4)'s six-page limit.

[2] Plaintiff's proposed Fifth Cause of Action under the Washington Do Not Call Statute ("WDNC"), suffers from the same defect in that it requires a conversation. RCW 80.36.390(1). For his WDNC claim, Plaintiff further did not contest that the statute only applies to residential telephones, not cellular telephones.

| | | |
|---|---|---|
| REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS<br>Case No. 3:19-cv-05086-BHS | 1 | **VAN KAMPEN & CROWE** PLLC<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington 98154-1000<br>(206) 386-7353 |

155389.00601/121349675v.1

shows that Plaintiff does not plead the CPA's requisite elements, and his Opposition does not provide any legitimate grounds for sustaining this claim. As all Washington federal district courts evaluating similar allegations underlying a CPA claim have ruled, alleged telephonic solicitations do not provide grounds for such a claim. There is no basis for departing from that line of reasoning here. Because Plaintiff's CPA claim cannot survive on its own, the absence of a viable WADAD claim dooms his CPA as well.

I.     RELEVANT FACTUAL ALLEGATIONS

Alore is a health care supplier that provides prescription medical supplies, such as diabetes testing products, to patients. *See* Docket No. 1, Compl. ¶¶ 8, 14, 24; Docket No. 21-2, Proposed Am. Compl. ("FAC") ¶¶ 10, 16, 31. Plaintiff admits that he was an Alore customer, and that all Alore health care-related products were free of charge to him as a Medicare beneficiary. Compl. ¶¶ 14, 18; FAC ¶¶ 16–17.[3] Despite acknowledging that he ordered "so many deliveries" of Alore's products, Plaintiff attempts to impugn Alore's business practices by stating that he could "never use them all" and thus concludes, without any evidence, that Alore has perpetrated Medicare fraud because of products that he and others ordered. FAC ¶¶ 16–18; *see* FED. R. CIV. P. 9(b).

Plaintiff is now suing Alore based on claims that he received improper telephonic "solicitations" to reorder its diabetic testing supplies. Compl. ¶¶ 13–27; FAC ¶¶ 15–35. After originally claiming that Alore contacted him 150 times without his prior express consent, he has since reduced that alleged number to 50. Compl. ¶ 23; FAC ¶ 30; *see also* Docket No. 21, Pl.'s Mot. for Leave, at 2:9–14. Contradicting himself, Plaintiff alleges that there "was no 'opt-out' option given" in these calls from Alore, but also that he "revoked consent" at least ten times. Pl.'s Opp'n, at 8:2–11.

---

[3] Despite conceding that he never had to pay for Alore products, Plaintiff nonsensically alleges that Alore contacted him "to collect on an alleged debt" in both iterations of the Complaint. Compl. ¶ 37; FAC ¶ 46.

REPLY IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

2

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1

## II. PROCEDURAL HISTORY

Based on these allegedly unauthorized calls, Plaintiff initially asserted three counts against Alore in his original Complaint: (1) Violation of the TCPA, (2) Violation of the CPA, and (3) Intrusion Upon Seclusion.[4] Compl. ¶¶ 28–38. On June 10, 2019, Plaintiff moved for leave to amend his Complaint to assert additional counts for violation of WADAD and WDNC, both Washington state law claims. Plaintiff claims that the basis for this amendment was his learning of "additional new facts" regarding Alore contacting him with "prerecorded telemarketing messages." Mot. for Leave, at 2:14–19; *but see Rahn v. Bank of Am.*, No. 1:15-cv-4485-ODE-JSA, 2016 WL 7335392, at *4 (N.D. Ga. June 24, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message."). On June 24, 2019, Alore filed both its opposition to Plaintiff's Motion for Leave because of the inapplicability of Plaintiff's proposed new claims, and the instant motion for judgment on the pleadings as to the active CPA claim. Docket Nos. 24–25.

## III. ARGUMENT

### A. **Plaintiff Previously Falsely Denied the Existence of His Alore Prescription.**

Because Plaintiff's Opposition relies at least in part on the viability of his proposed WADAD claim as basis to sustain his CPA claim, Alore must first address misrepresentations made by Plaintiff in his briefing in support of his Motion for Leave that are contradicted by his factual allegations in the Complaint. In that briefing, Plaintiff not only falsely claimed that he never had a prescription with Alore—which would be dispositive of his proposed WADAD and WDNC claims—but also falsely claimed that Alore was deceiving the Court about it:

> Although Defendant contends that Alore's calls requesting Plaintiff to order diabetic test strips were "medical supply and prescription refill requests," in fact, such test strips are sold over the counter without a prescription and **Plaintiff has**

---

[4] This motion only relates to Plaintiff's CPA count, but that Alore does not challenge the other two counts at the pleadings stage does not imply that Alore concedes liability thereunder.

REPLY IN SUPPORT OF MOTION FOR  
JUDGMENT ON THE PLEADINGS  
Case No. 3:19-cv-05086-BHS  

3  

VAN KAMPEN & CROWE PLLC  
1001 Fourth Avenue, Suite 4050  
Seattle, Washington 98154-1000  
(206) 386-7353  

155389.00601/121349675v.1

**never had a prescription for them**. **Defendant's claim** it was calling to request "prescription refills" **misleads the Court**.

Docket No. 26, Pl.'s Reply in Support of Mot. for Leave, at 7:10–13 (emphasis added).[5]

Although ordinarily the Court must defer to Plaintiff's averments on a Rule 12 motion, it has no such obligation when the averments are contradicted by facts subject to judicial notice or "pleaded" for the first time in opposition to a Rule 12 motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice . . ."); *Pinales v. Quality Loan Serv. Corp.*, No. 09cv1884 L(AJB), 2010 WL 3749427, at *1 (S.D. Cal. Sept. 22, 2010) ("In determining the propriety of a Rule 12(b)(6) [or 12(c)] dismissal, a court may not look beyond the complaint for additional facts, e.g., facts presented in plaintiff's memorandum in opposition to a defendant's motion . . ."). Both apply here.

Whether Alore's test strips "are sold over the counter without a prescription" is irrelevant where Plaintiff concedes that he ordered them *at no charge* through Alore and Medicare. *See* Compl. ¶¶ 14, 18; FAC ¶¶ 16–17. These concessions are key to the analysis, because any diabetic testing supplies covered by Medicare require a prescription. Def.'s Req. for J. Notice, ¶ 1, Ex. A, at 2. The Center for Medicare and Medicaid Services confirms that "Medicare will only cover a beneficiary's blood glucose self-testing equipment and supplies if they get a prescription from their doctor." *Id.* Additionally, "[a] beneficiary who needs blood glucose testing equipment and/or supplies . . . [c]an order [his] supplies from a medical equipment supplier, but they will need a prescription from their doctor to place their order." *Id.* Fortunately, Plaintiff appears to have abandoned this false line of argument in his Opposition to the instant motion. *See*, *e.g.*, Pl.'s Opp'n, at 12:14–18.

---

[5] Immediately after receipt of Plaintiff's Reply in support of his MLA, Alore's counsel advised Plaintiff's counsel that these representations were false. Since then, Alore offered to provide further proof of the prescription to Plaintiff's counsel through informal discovery once Plaintiff executes a HIPAA authorization, but Plaintiff has yet to do so.

REPLY IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1

**B.   Plaintiff's Proposed WADAD Claim Cannot Salvage His CPA Claim.**

In addition to the "conversation" requirement in WADAD (*see* Def.'s Opp'n to Mot. for Leave, at 5:18–6:2, 6 n.4), Plaintiff's proposed WADAD claim also cannot survive if the calls he received did not constitute telemarketing. *See* RCW 80.36.400(2). Because there is no Washington case law defining a "commercial solicitation" or "telephonic solicitation," Ninth Circuit courts should look to federal authorities' interpretation of what constitutes telemarketing, including FCC orders and regulations promulgated under the TCPA, for guidance. *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 919 (9th Cir. 2012) ("The definition of 'telephone solicitation' [in WDNC] is nearly identical to that of 'commercial solicitation' [in WADAD]. We have no guidance from the Washington courts on how Washington interprets these provisions. The text of the WADAD is substantially similar to its federal counterpart, as is its purpose. We therefore apply the same reasoning [as the FCC and associated federal case law] . . ."). Here, the FCC's 2012 TCPA Order concluded that calls subject to HIPAA, including medical supply renewal and prescription refill requests, "are intended to communicate health care-related information rather than to offer property, goods, or services and . . . are not unsolicited advertisements." *Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 27 FCC Rcd 1830, 1854 ¶ 57, 1855 ¶ 63 (2012) ("2012 TCPA Order"); *see* 45 C.F.R. § 160.103 ("Health care"); 45 C.F.R. § 164.501 ("Marketing").

      **i.   Alore Is <u>Not</u> Relying on the FCC's 2015 Health Care Exemption.**

Whereas Alore's position relies upon the FCC's 2012 TCPA Order, it is baffling that Plaintiff spends ample real estate in his opposition discussing the FCC's 2015 Exigent Healthcare Treatment Exemption.[6] Pl.'s Opp'n, at 6:14–7:2, 12:5–14:15. Alore, however, is <u>not</u> arguing that this exemption—which would remove the calls from the purview of the TCPA—applies to its calls and makes no reference to the FCC's 2015 TCPA Order in its briefing as to

---

[6] Plaintiff incorrectly claims that this exemption is "codified" at 47 U.S.C. § 227(b)(2)(C). Pl.'s Opp'n, at 6:14–15. Section 227(b)(2)(C) is the statutory authority for the FCC to issue rules or orders creating such exemptions, but the exemptions themselves are not found in the U.S. Code.

REPLY IN SUPPORT OF MOTION FOR　　　　　　　5　　　　　**VAN KAMPEN & CROWE** PLLC
JUDGMENT ON THE PLEADINGS　　　　　　　　　　　　　　1001 Fourth Avenue, Suite 4050
Case No. 3:19-cv-05086-BHS　　　　　　　　　　　　　　　Seattle, Washington 98154-1000
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(206) 386-7353

155389.00601/121349675v.1

either motion. Alore's position that its calls cannot be considered telemarketing derives from the FCC's 2012 Health Care Rule, which provides an exception for calls subject to HIPAA such as medical supply renewal and prescription refill requests. Def.'s Opp'n to Mot. for Leave, at 4:14–5:10. Plaintiff's briefing conflates the two exemptions (*see* Pl.'s Reply in Support of Mot. for Leave, at 7:17–8:11) and he wastes considerable paper focusing on the 2015 exemption in opposition to the instant motion, but the Court need not expend resources evaluating Plaintiff's attacks on an argument that Alore is not making.

### ii. Under the FCC's 2012 Rule, Alore's Calls Are Not Telemarketing.

As discussed in its opposition to Plaintiff's Motion for Leave, Alore is relying upon the FCC's 2012 exception to the telemarketing definition for health care calls subject to HIPAA such as "medical supply renewal requests" and prescription renewal requests. *See* 2012 TCPA Order, at 1854 ¶ 57, 1855 ¶ 63; 45 C.F.R. § 160.103 ("Health care"); 45 C.F.R. § 164.501 ("Marketing"). Not once in Plaintiff's opposition to the instant motion or his reply in support of his Motion for Leave does he dispute that Alore's calls constitute medical supply renewal requests. Further, as previously discussed, Plaintiff cannot as a matter of law contend that Alore's calls did not constitute prescription renewal requests, which would contradict facts pleaded in his Complaint and those subject to judicial notice.

Plaintiff's position that Alore does not constitute a "business associate" under HIPAA is absurd on its face. Under HIPAA, a "business associate" is a person or entity that performs certain functions or activities that involve the use or disclosure of protected health information on behalf of, or provides services to, a covered entity. 45 C.F.R. § 160.103 ("Business associate"). The covered entity here is Medicare, a health plan, under which Alore operates pursuant to Plaintiff's prescription. *See id.* ("Covered entity" & "Health plan"); Compl. ¶¶ 14, 18; FAC ¶¶ 16–17. Plaintiff cites no authority suggesting that revoking consent to be called under the TCPA somehow also eliminates an entity's designation as a business associate and its associated responsibilities under HIPAA.

REPLY IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

6

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1

### iii. Case Law Quoted by Plaintiff Supports Alore's Position.

Plaintiff's analyses of the Second Circuit's decision in *Latner v. Mount Sinai Health System*, 879 F.3d 52 (2d Cir. 2018), as well as district court decisions in *Jackson v. Safeway, Inc.*, No. 15-cv-04419-JSC, 2016 WL 5907917 (N.D. Cal. Oct. 11, 2016) and *Coleman v. Rite Aid of Georgia, Inc.*, 284 F. Supp. 3d 1343 (N.D. Ga. 2018), bolster rather than detract from Alore's point. Quoting *Latner*, Plaintiff notes that calls subject to the 2012 Health Care Rule "are exempt from . . . the written consent requirement *but are still covered by the [TCPA's] general consent requirement*." Pl.'s Opp'n, at 8:17–19. That is exactly the point; the relevant standard for these calls is prior express consent (i.e., the TCPA's standard for non-telemarketing calls, 47 U.S.C. § 227(b)(1)(A)(iii)), not prior express *written* consent (i.e., the TCPA's standard for telemarketing calls, 47 C.F.R. § 64.1200(a)(2)). *See also* Compl. ¶ 29; FAC ¶ 37. There is no dispute that Plaintiff provided prior express consent when he voluntarily provided his phone number to Alore when ordering diabetic test strips; Plaintiff is arguing that such consent was subsequently revoked. Compl. ¶ 13, 20–23, 26; FAC ¶ 15, 19, 25–26, 29–30, 33.

For this same reason, Plaintiff's quotation of the following language from *Coleman*, which only involved a TCPA claim, is misleading:

> Accordingly, the Court defers to the FCC's interpretation that calls excepted by the Health Care Rule require prior express consent. Because Coleman avers that he did not provide any consent to the calls made by Rite Aid, the Health Care Rule does not apply, and dismissal is not warranted on this ground.

Pl.'s Opp'n, at 11:10–19. The *Coleman* decision weighed whether the appropriate consent standard was prior express consent versus no consent requirement at all—language that Plaintiff even quotes in his Opposition. *Coleman*, 284 F. Supp. 3d at 1347; Pl.'s Opp'n, at 10:18–11:6 ("Many courts have found that **this provision provides an exemption only from the requirement of prior express written consent, rather than a wholesale exemption from any consent requirement**."). When the *Coleman* court said that "the Health Care Rule does not apply," it meant that the exemption did not apply *as a wholesale exemption from any consent*

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

7

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1

*requirement* under the TCPA. *Coleman* did not find that the prior express written consent standard applied to these calls, and thus Plaintiff's conclusion that "[t]herefore, Alore's calls to Plaintiff were telemarketing calls that squarely violate WADAD . . ." does not logically follow. *See* Pl.'s Opp'n, at 10:18–11:21.

That Alore's calls may have violated the TCPA, in that Plaintiff allegedly revoked "prior express consent" to be contacted with an automatic telephone dialing system ("ATDS") or a prerecorded voice, is irrelevant to whether those calls also constitute telemarketing and thus implicate WADAD. Neither *Latner*, *Jackson*, nor *Coleman* suggest otherwise.

### iv. Alore's Products Were Offered at No Cost to Plaintiff, and Thus Cannot Be Considered Telemarketing.

Even assuming the 2012 Health Care Rule does not settle the issue that these calls are not telemarketing (it does), Plaintiff's invocation of his proposed WADAD claim to sustain his CPA claim fails for another reason: Alore's products were offered to him at no charge. In other words, he was not being encouraged to *purchase* property, goods, or services, because he was not purchasing anything. *See* 47 C.F.R. § 64.1200(f)(12); *Williams v. Nat'l Healthcare Review*, No. 2:15-cv-0054-RFB-PAL, 2017 WL 4819097 (D. Nev. Oct. 25, 2017). In *Williams*, the defendant was a health care provider that called to encourage the plaintiff to sign up for Medicaid. *Id.*, at *3. The court noted that "[t]here are two consent standards: (1) prior express written consent and (2) prior express consent. The difference between the two depends on whether the call was a telemarketing call." *Id.* at *4. The court found "that the calls at issue here, seeking to encourage enrollment in a government program that provides free or heavily subsidized healthcare does not constitute encouragement of a 'purchase,' 'rental,' or 'investment' of a 'good, or service.'" *Id.* at *7. Although the court relied in part upon the 2015 Exigent Healthcare Treatment Exemption, under which Alore is not claiming protection, it also reviewed the plain meaning of "purchase," "rental," and "investment" to determine that such calls were not telemarketing in nature. *Id.* That the caller may ultimately be paid by a party other than the consumer was "immaterial." *Id.*

REPLY IN SUPPORT OF MOTION FOR  
JUDGMENT ON THE PLEADINGS  
Case No. 3:19-cv-05086-BHS

8

VAN KAMPEN & CROWE PLLC  
1001 Fourth Avenue, Suite 4050  
Seattle, Washington 98154-1000  
(206) 386-7353

155389.00601/121349675v.1

Similarly, Alore's calls offering prescription medical supplies at no cost to Plaintiff—because they are fully paid for by Medicare—also fall outside the ambit of telemarketing, and thus cannot form the basis of a WADAD claim.

### C. Absent a WADAD Violation, Unsolicited Calls Cannot Sustain a CPA Claim.

Alore does not challenge that a WADAD violation is a per se violation of the CPA under WADAD's plain language. RCW 80.36.400(3). However, if Plaintiff's WADAD claim cannot be sustained as discussed above, his CPA claim "must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Insur. Co.*, 105 Wash. 2d 778, 780 (1986) (internal quotation marks omitted). Plaintiff must meet all five requirements; the absence of even one element is fatal to his CPA claim.

Plaintiff does not identify any of these elements in his Complaint or FAC, let alone plead facts supporting the first, third, fourth, or fifth element of a CPA claim. *See* Compl. ¶¶ 31–33; FAC ¶¶ 39–42. His FAC only alleges that Alore violated the CPA "by its incessant phone solicitations to Plaintiff without his consent and by deceptively sending him products he did not ask for because Defendant knew Medicare would pay for them." FAC ¶ 41. Even assuming this is true for purposes of this motion (it is not), it cannot sustain a CPA claim against Alore because (1) unsolicited telemarketing calls are not unfair or deceptive acts under the CPA; (2) Plaintiff cannot show public interest impact; and (3) Plaintiff has no damages to "business or property," let alone causation tying those damages to the alleged conduct.

Plaintiff concedes that *Wick* and *Gragg*, both federal district court cases from this jurisdiction, "may be the only cases [that] consider telemarketing CPA claims." Pl.'s Opp'n, at 18:14–15. Both cases support Alore's position that Plaintiff cannot plead a plausible CPA claim. *Wick v. Twilio, Inc.*, No. C16-00914RSL, 2017 WL 2964855, at *6 (W.D. Wash. July 12, 2017); *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1117–19 (W.D. Wash. 2013).

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

9

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1

### i. Alleged Telemarketing Calls Are Not Unfair or Deceptive Acts.

In *Wick*, the court dismissed the plaintiff's state law CPA claim, noting that "[t]o the extent plaintiff has alleged that transmitting a solicitation to a cell phone without consent is an unfair or deceptive act, [he] offers no legal or factual basis for such an assertion." 2017 WL 2964855, at *6. Plaintiff attempts to distinguish this unequivocal language by noting that the *Wick* plaintiff was found to have provided prior express consent (not prior express *written* consent) under the TCPA, but this is a distinction without a difference. Pl.'s Opp'n, 17:19–18:7. The section of *Wick* upon which Plaintiff relies comes from analysis of which consent standard to apply *for his TCPA claim* (i.e., prior express consent vs. prior express written consent), which had no bearing on the viability of his CPA claim. *Wick*, 2017 WL 2964855, at *5. In analyzing the *Wick* plaintiff's CPA claim two sections later, the court was clear that allegations of telephonic solicitations are not unfair or deceptive acts, and thus Plaintiff cannot meet even the first of five required elements for a CPA claim. *Id.* at *6. *Wick* provides no qualification that an alleged revocation changes the CPA analysis.

### ii. Plaintiff Cannot Plead a Business/Property Injury or Causation.

Two others of the five required elements for a CPA claim are that Plaintiff plead a business or property injury and associated causation. *Hangman Ridge*, 105 Wash. 2d at 780. Plaintiff does neither. The only injuries Plaintiff pleads as resulting from Alore's conduct are "stress, frustration, headaches, and emotional and mental anguish"; his proposed FAC adds that Alore's conduct "tied up his cellular phone and used up his voicemail capacity." Compl. ¶¶ 26–27; FAC ¶ 33–35. The former are plainly personal injuries, and the latter are not business or property injuries that can sustain a CPA claim. *See Gragg*, 942 F. Supp. 2d at 1117–19.

Plaintiff concedes that *Gragg* "is the only case that has even addressed [the question of what constitutes injury to one's property under the CPA] directly in relation to telemarketing." Pl.'s Opp'n, 19:1–3. This does not, however, imply that there is a "lack of clarity" on the issue just because Plaintiff is unhappy that *Gragg* undercuts his argument. *See id. Gragg* rejected the

REPLY IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

10

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1

plaintiff's argument that the "loss of use of the full capacities and capabilities" of his cell phone was a cognizable business or property injury under the CPA. *Id.* at 1119. Given that this loss of "capacities and capabilities" is exactly the type of "property injury" that Plaintiff cites, the Court should follow *Gragg* and find that "the infinitesimal, fleeting loss of electronic storage space" cannot sustain his CPA claim.

### iii. Plaintiff Pleads No Public Interest Impact.

Plaintiff incorrectly claims that Alore's alleged TCPA violations are a per se showing of "public interest impact" under the CPA. Pl.'s Opp'n, at 15:15–16:24. For support, Plaintiff quotes *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1113, which stated, "In certain situations, the public interest element is satisfied per se by a showing of conduct in violation of a statute containing a specific legislative declaration of public interest impact," citing *Hangman Ridge*, 105 Wash. 2d at 791. What *Hangman Ridge* also stated, however, was that "unless there is a 'specific legislative declaration' of a public interest, the [CPA's] public interest requirement . . . is *not* per se satisfied." *Id.* (emphasis added); *see also Moritz*, 895 F. Supp. 2d at 1113 (finding that the plaintiff's claim under the Washington Collection Agency Act "does not contain the required declaration of public interest impact"). In other words, the declaration must appear in the law itself.

In arguing otherwise, Plaintiff improperly expands the "specific legislative declaration" element to include legislative history. Pl.'s Opp'n, at 16:1–24. There is no support in *Hangman Ridge* or Washington law for such a broad interpretation. *Hangman Ridge* cites three specific examples of what constitutes "a specific legislative declaration": (1) RCW 46.70.005 ("The legislature . . . declares that the distribution and sale of vehicles . . . vitally affects . . . the public interest . . ."); (2) RCW 46.80.005 (public interest in sales of motor vehicle parts); and (3) RCW 48.01.030 (public interest in the business of insurance). All three examples are direct statutory language, not isolated remarks from one legislator in a committee report. Plaintiff's overbroad, unsupported interpretation would render the "public interest impact" requirement a nullity, as

REPLY IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

11

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1

essentially every statute in existence can be argued by at least some of its enacting legislators to have a public benefit. Because the TCPA contains no specific legislative declaration of public interest impact, Plaintiff cannot make the requisite showing, and his CPA claim fails for yet another reason.

## IV. CONCLUSION

The crux of Plaintiff's lawsuit is that he alleges receipt of numerous telephone calls using an ATDS or prerecorded message after he revoked consent for such outreach. Although the parties disagree on exact numbers, they generally agree that Plaintiff received some number after he had expressed his desires to not receive further communications. *See* Docket No. 19, at 3:9–4:15. Plaintiff may seek a statutory remedy for this grievance under the TCPA, which Alore does not contest at the pleadings stage.

Alore is sympathetic to this unfortunate situation, and is open to reasonably resolving this dispute, but will not indulge misguided attempts to also claim exorbitant attorney's fees for additional claims that cannot be sustained as a matter of law. For the foregoing reasons, the Court should grant judgment in Alore's favor as to Plaintiff's second cause of action for violation of the Washington Consumer Protection Act, which cannot be sustained as pleaded in either the Complaint or the Proposed First Amended Complaint.

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

12

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Dated this 19th day of July, 2019

Respectfully submitted,

/s/ *David E. Crowe*
David E. Crowe, WSBA No. 43529
Van Kampen & Crowe PLLC
1001 Fourth Avenue, Suite 4050
Seattle, WA 98154
Tel: (206) 386-7353
Fax: (206) 405-2825
Email: DCrowe@VKClaw.com

Ana Tagvoryan (admitted pro hac vice)
Justin M. Brandt (admitted pro hac vice)
Blank Rome LLP
2029 Century Park East, 6th Floor
Tel: (424) 239-3409
Email: atagvoryan@blankrome.com
Email: jbrandt@blankrome.com
*ATTORNEYS FOR DEFENDANT*

REPLY IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

13

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1

**Declaration of Service**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dawn M. McCraw
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ  85258
Phone: (818) 600-5585
Email: dawn@pricelawgroup.com
*Attorneys for Plaintiff*

Signed at Seattle, Washington 19th day of July, 2019.

s/ *David E. Crowe*
David E. Crowe

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 3:19-cv-05086-BHS

14

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

155389.00601/121349675v.1