UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLEN TAYLOR,

          Plaintiff,

   v.

ALORE, LLC,

          Defendant.

CASE NO. C19-5086 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT

This matter comes before the Court on Plaintiff Allen Taylor's ("Taylor") motion for leave to amend complaint, Dkt. 21, and Defendant Alore, LLC's ("Alore") motion for judgment on the pleadings, Dkt. 25. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion to amend and denies the motion for judgment on the pleadings as moot for the reasons stated herein.

**I.   PROCEDURAL HISTORY**

On February 1, 2019, Taylor filed suit against Alore bringing claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Washington Unfair Business Practices – Consumer Protection Act ("CPA") RCW Chapter 19.86, and

Washington's law against invasion of privacy, RCW 42.56.050. Dkt. 1. On April 2, 2019, Alore answered and asserted twelve affirmative defenses. Dkt. 13.

On June 10, 2019, Taylor moved to amend his complaint. Dkt. 21. On June 24, 2019, Alore responded. Dkt. 24. Also on June 24, 2019, Alore filed a motion for judgment on the pleadings. Dkt. 25. On June 28, 2019, Taylor replied to Alore's response to his motion. Dkt. 26. On July 15, 2019, Taylor responded to Alore's motion. Dkt. 27. On July 19, 2019, Alore replied to Taylor's response to its motion and filed a request for judicial notice regarding its motion. Dkts. 28, 29. On July 22, 2019, Taylor filed a motion for leave to surreply in opposition to Alore's motion for judgment on the pleadings. Dkt. 30.

## II. FACTUAL BACKGROUND

Taylor is a senior with diabetes who lives in Aberdeen, Washington. Dkt. 1, ¶¶ 7,10. Medicare covers the cost of Taylor's diabetic test strips. *Id.*, ¶ 14. Alore is a pharmaceutical company that delivers medical supplies and medications to its customers' homes. *Id.*, ¶ 8.

Taylor alleges that he had been an Alore customer but received "so many deliveries of diabetic test strips . . . that [he] could never use them all." *Id.*, ¶¶ 13–14. Therefore, in early 2018, he asked Alore to cancel his account and cease deliveries. *Id.*, ¶ 14. Taylor alleges that Alore confirmed it had cancelled his account. *Id.*, ¶ 15.

In approximately June 2018, Taylor began receiving "incessant" solicitation calls from Alore on his cell phone. *Id.*, ¶¶ 11, 15. Taylor alleges that between June 2018 and January 2019, he received approximately 150 calls from Alore. *Id.*, ¶ 23.

Taylor alleges generally that these calls were made without his consent, that when he answered the calls he asked Alore to stop calling, and that he even initiated several calls to Alore to request it cease calling. *Id.*, ¶¶ 11–17. He alleges that most of the calls resulted in prerecorded voicemails with the message: "This is ALORE pharmacy. If you are ready to reorder your supplies, contact us at 866-938-4482." *Id.*, ¶ 24.

Taylor alleges specifically that he answered at least ten calls from Alore between June 2018 and December 2018, each time telling the representative that he revoked consent to be called on his cell phone. *Id.*, ¶¶ 19–21 (referring to conversations on June 8, 2018, August 26, 2018, August 27, 2018, November 19, 2018, November 25, 2018, November 28, 2018, December 2, 2018, and December 9, 2018). Taylor also alleges that when he answered calls, he "heard a pause before the representative began to speak, indicating the use of an automated telephone dialing system." *Id.*, ¶ 21. Taylor alleges that because of these calls, he suffered stress, frustration, headaches, and emotional and mental anguish. *Id.*, ¶ 26.

### III. DISCUSSION

Taylor seeks to amend his complaint to add facts learned through informal information exchange between the parties and to add two additional claims under Washington law. Dkt. 21 at 2. Specifically, Taylor seeks to make amendments including: (1) to reduce the number of calls he alleges occurred after he revoked consent to be called,[1] (2) to allege that he received calls from Allore consisting of prerecorded

---

[1] Taylor explains that because cellular carriers provide records only for connected calls, not for missed calls, he initially estimated the number of calls he received from Alore at 150

messages and add a claim that this violates the Washington Automatic Dialing and Announcing Device Act ("WADAD") RCW 80.36.400,[2] (3) to request attorneys' fees and costs pursuant to his CPA claim, and (4) to add a claim under Washington's Do Not Call provision ("WDNC") RCW 80.36.390, which prohibits telephone solicitation within a one-year period following the called party's statement or indication that he or she does not wish to be called again. *Id.*

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." In determining whether amendment is appropriate, the Court considers five potential factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether there has been previous amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Leave to amend "shall be freely given when justice so requires." *AmerisourceBergan Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Leave to amend should be denied when "it appears beyond doubt that the proposed pleading would

---

based on his "connected calls, notes and statements." Dkt. 21 at 2. He explains that after reviewing call records Alore "provided . . . informally" he is now "comfortable reducing the alleged number of calls after revocation to fifty . . . ." *Id*.

[2] Taylor explains that "through informal exchange of information" he learned that Alore routinely called him using a "prerecorded telemarketing message." Dkt. 21 at 2.

be subject to dismissal." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015).

Alore argues Taylor's motion to amend should be denied for futility and also for bad faith and undue delay.

**A.     Futility**

Alore presents arguments on futility which are more appropriate to a fully-briefed motion to dismiss than to opposition to a motion for leave to amend. Denial of leave to amend for futility is rare. *Nebula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Leave to amend should be denied only if it is "beyond doubt" that the amended complaint would be subject to dismissal for failure to state a claim. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). Leave to amend should be granted if the Court may possible conceive of additional facts which, if formally alleged, could render Taylor's claim viable. *Corinthian Colleges*, 655 F.3d at 995 (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990)).

Alore argues that even with the new facts alleged, the complaint does not state a claim for violation of either the WADAD or of the WDNC. Alore relies on *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012), which considered claims under the WADAD and WNDC. *Chesbro* examined a Federal Communications Commission ("FCC") rule finding calls with both a customer service and a marketing component are prohibited under the TCPA. *Id.* at 917–18 (citing Fed. Commc'ns Comm'n, *In the Matter of Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014 (July 3, 2003)).  Addressing related claims under the WADAD and

WDNC, the Circuit found that the definition of telephone solicitation in the WDNC is nearly identical to the definition of commercial solicitation in the WADAD, explained that it had "no guidance from the Washington courts on how Washington interprets these provisions," found that the text and purpose of the WADAD is substantially similar to the TCPA, and thus decided to apply the same reasoning and interpretation of FCC rules it applied to TCPA claims to both WADAD and WDNC claims. *Id*. at 919. Alore argues that the Court should therefore construe FCC orders implementing the TCPA on the issue of healthcare-related calls as similarly applicable to the WADAD and the WDNC. Dkt. 24 at 4–5 (citing Fed. Commc'ns Comm'n, *In the Matter of Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991*, 27 F.C.C. Rcd. 1830 (Feb. 5, 2012) ("the 2012 FCC Order")).

While it is possible that a court would agree with Alore that the 2012 FCC order is persuasive or even controlling authority for interpreting Washington laws on telephone solicitation and thus precludes relief for Taylor's claims as alleged, this conclusion is not "beyond doubt." *DCD Programs*, 833 F.2d at 188. Moreover, while the 2012 FCC Order dealt with automated calls for which consent is required, *Jackson v. Safeway, Inc.*, Case No. 15-cv-04419-JSC, 2016 WL 5907917, at *3 (Oct. 11, 2016) (citing the 2012 FCC Order), the FCC issued another order on healthcare related calls under the TCPA in 2015, *id.* at *4 (citing Fed. Commc'ns Comm'n, *In the Matter of Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (Jul. 10, 2015) ("the 2015 FCC Order")). This order provided that certain exigent healthcare related calls could be made without prior consent, subject to specific frequency and opt-

out constraints. *Id*. at *4 (citing the 2015 FCC Order). Even assuming for the sake of argument that the FCC orders control, if Taylor revoked his consent to be called as he alleges, it appears that subsequent health-related calls would violate the 2012 FCC Order. Similarly, if Alore made calls for which consent was not required under the 2015 FCC Order, it appears that frequent calls without designated opt-outs could still violate the 2015 FCC Order. Therefore, the Court cannot conclude at this juncture that it is impossible for Taylor to state a claim under either the WADAD or the WDNC. *See Corinthian Colleges*, 655 F.3d at 995. The Court thus declines to deny amendment on the basis of futility.

**B.     Bad Faith and Undue Delay**

Bad faith "means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC*, 309 F.R.D. at 651. Undue delay "is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Id*.

Alore argues that "[w]ere it not for [Taylor] demanding attorney's fees to which he is not legally entitled, this case would almost certainly have been resolved already." Dkt. 24 at 7. Alore further argues that "[t]o date, [Taylor] has wildly exaggerated the volume of calls made by Alore, refused to acknowledge the legal limitations of his claims for attorney's fees, and instead sought to incur additional fees through unnecessary motion practice including this proposed amendment and a threatened motion to strike Alore's affirmative defenses." Dkt. 24 at 8. Alore's position is somewhat contradictory— if Taylor's claims are ineligible for attorney's fees, it is unclear why Alore would be concerned by Taylor's attempts to increase a bill that Alore will not have to pay.

Additionally, Alore contests Taylor's description of the facts he wishes to add to his complaint as new, arguing "[Taylor] could have easily pleaded these 'new facts' in his original [c]omplaint, based on facts already alleged and within his knowledge" because he already knew Alore called him using a prerecorded telemarketing message. *Id.* at 2.

Even if Allore's arguments reasonably describe Taylor's conduct, these actions evidence neither the type of bad faith nor the type of undue delay which cause courts to deny Rule 15(a) motions. Taylor did not, for example, attempt to raise new facts or theories after having lost a decision on the merits. *C.f. Matter of Beverly Hills Bancorp*, 752 F.2d 1443, 1338 (9th Cir. 1984) (general rule that leave to amend should be freely granted will not be extended without limit when motion comes after claim has been fully litigated on the merits). Without further evidence, Taylor's alleged call volume could be as easily explained by inaccurate memory as by intent to harass. Similarly, Taylor's attempt to seek attorney's fees could be as easily explained by a good-faith difference of opinion about the law. Moreover, the motion to amend was filed on June 10, 2019, Dkt. 21, well before the Court's July 15 deadline for amended pleadings, Dkt. 20. Therefore, the Court finds Alore has failed to show the motion to amend should be denied on the basis of either bad faith or undue delay.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Taylor's motion for leave to amend complaint, Dkt. 21, is **GRANTED**. Taylor shall file his amended complaint as a separate entry on the electronic docket by September 3, 2019. Because Alore's motion for

judgment on the pleadings, Dkt. 25, is predicated on the prior, unamended complaint, the motion is hereby **DENIED as moot**.

Dated this 27th day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge