| | |
|---|---|
| 1
2
3 | **UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION** |

| | |
|---|---|
| ALLEN TAYLOR,<br><br>              Plaintiff,<br>     vs.<br><br>ALORE, LLC,<br><br>              Defendant. | **Case No.: 3:19−cv−05086−BHS**<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 et. Seq.]<br>2. REV. CODE OF WASH. – UNFAIR BUSINESS PRACTICES, CONSUMER PROTECTION ACT 19.86<br>3. REVISED CODE OF WASHINGTON – INVASION OF PRIVACY 42.56.050<br>4. REV. CODE OF WASH. – DIALING AND ANNOUNCING DEVICE ACT ("WADAD") 80.36.400<br>5. REV. CODE OF WASH. – TELEPHONE SOLICITATION 80.36.390 |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Allen Taylor ("Plaintiff"), through his attorneys, alleges the following against Defendant, ALORE, LLC, ("Defendant" or "ALORE"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Revised Code of Washington's Unfair Business Practices – Consumer Protection Act Chapter 19.86. ("WCPA"). The Consumer Protection Act is a Washington state statute that prohibits unfair and deceptive practices.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B and Revised Code of Washington 42.56.050, which prohibit an intentional intrusion, "that would be highly offensive to a reasonable person and is not of legitimate concern to the public."

4. Count IV of Plaintiff's Complaint is based upon the Revised Code of Washington's Dialing and Announcing Device Act ("WADAD") 80.36.400, which states that "[n]o person may use an automatic dialing and announcing device for purposes of commercial solicitation and that this section applies to all commercial solicitation intended to be received by telephone customers within the state [of Washington]."

5. Count V of Plaintiff's Complaint is based upon the Revised Code of Telephone Solicitation 80.36.390, which prohibits a company from calling a party for one year after the party indicates he does not wish to be called again.

## JURISDICTION AND VENUE

6. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq.

7. Venue in this district is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Defendant transacts business here; personal jurisdiction is established.

COMPLAINT

2    FIRST AMENDED

## PARTIES

9. Plaintiff is a natural person residing in Aberdeen, Grays Harbor County, Washington.

10. Defendant ALORE is a pharmaceutical company engaged in the business of home deliveries of medical supplies and medications, with its registered agent located in Salem, Oregon. Defendant can be served with process through its registered agent, Corporation Service Company, at the 1127 Broadway Street NE, Suite 310, Salem, Oregon 97301.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant was attempting to solicit business from Plaintiff, who is seventy-two (72) year-old diabetic consumer.

13. In or around June of 2018, Defendant began placing calls to Plaintiff's cellular phone number (XXX) XXX-8270, without his permission, in an attempt to solicit business.

14. The calls mainly originated from the following numbers: (305) 403-5867, (305) 722-9456, and (305) 436-6033. Upon information and belief, these numbers are owned or operated by Defendant.

15. Plaintiff was at one time a customer of Defendant ALORE.

16. However, after receiving so many deliveries of diabetic test strips (wholly paid for by Medicare) from Defendant that Plaintiff could never use them all, he asked

Defendant in the beginning of 2018 to cancel his account and stop shipping him the test strips.

17. Plaintiff is a real estate agent and has gone into many homes of deceased homeowners and has found stacks of unopened boxes of diabetic test strips from ALORE. Apparently, Plaintiff is not alone in being targeted for shipment of this government-paid product, regardless of need.

18. Plaintiff believes Defendant's conduct as it relates to him, constitutes a fraud against Medicare.

19. On or about June 8, 2018, Plaintiff answered a call at 1:09 p.m. from (305) 722-9456 and spoke with Defendant's representative. During that call, Plaintiff unequivocally revoked consent to ever be called again on his cellular telephone and requested that Defendant close his account.

20. Despite Plaintiff's cancellation of his account, Defendant continued shipping Plaintiff products that he did not want or need (because Defendant knew they would be paid for by Medicare).

21. When Plaintiff answered calls from Defendant, he told them to stop calling him, but it didn't matter; the calls kept coming. The calls became so harassing that Plaintiff even called Defendant several times to ask Defendant to stop calling him.

22. For example, Plaintiff called Defendant on or about November 20, 2018 at 3:36 p.m. to tell Defendant again to stop calling him. However, the calls continued.

23. Plaintiff called again on December 17 and December 18, 2018 and told Defendant to stop calling, but the calls kept coming.

24. In most of the calls to Plaintiff where Plaintiff answered, he was greeted with a prerecorded telemarketing announcement before he could get to a live person.

25. Plaintiff unequivocally revoked his consent to be called multiple times; when answering calls from Defendant, Plaintiff heard a pause before the representative began to speak, indicating the use of an automated telephone dialing system whenever he was called by a live person rather than a prerecorded message.

26. Plaintiff continued to receive calls from Defendant after Plaintiff's multiple revocations.

27. All calls after Plaintiff's first revocation of consent to Defendant were without his permission.

28. FCC regulation ONLY allows autodialed and prerecorded telemarketing calls to cell phones with the recipient's prior express *written* consent. 47 C.F.R. § 64.1200(a)(2), adopted by 27 F.C.C. Rcd. 1830 (F.C.C.), 27 F.C.C.R. 1830, 55 Communications Reg. (P&F) 356, 2012 WL 507959 (Feb. 15, 2012).

29. After revoking his consent, Plaintiff *never* provided any consent, much less written consent to Defendant.

30. Between June 2018 and February 2019, Defendant contacted Plaintiff's cellular telephone approximately fifty (50) times after his having unequivocally revoked consent (multiple times) to be contacted.

31. Most calls made by ALORE were followed by prerecorded voicemail messages (without a live person) left on Plaintiff's cellular phone stating: "This is ALORE pharmacy. If you are ready to reorder your supplies, contact us at 866-938-4482."

32. Defendant's conduct was not only willful but was done with the intention of inducing Plaintiff into purchasing Defendant's products.

33. Defendant's assault of automated solicitation calls, even after Plaintiff spoke to Defendant and revoked his consent multiple times has caused Plaintiff to suffer stress, frustration, headaches, and emotional and mental anguish.

34. The incessant calls to Plaintiff also tied up his cellular phone and used up his voicemail capacity.

35. As a result of Defendant's conduct, Plaintiff, who is elderly, has sustained actual damages including but not limited to, emotional and mental anguish.

## **COUNT I**

### **(Violations of the TCPA, 47 U.S.C. § 227)**

36. Plaintiff incorporates by reference paragraphs One (1) through Thirty-five (35) of this Complaint as though fully stated herein.

37. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number

assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

38. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for *each and every violation*, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of Revised Code of Washington Unfair Business Practices –**

**Consumer Protection Act 19.86)**

39. Plaintiff incorporates by reference paragraphs One (1) through Thirty-five (35) of this Complaint as though fully stated herein.

40. Defendant violated Revised Code of Washington Unfair Business Practices - Consumer Protection Act 19.86.020 which states in pertinent part, "Unfair methods

of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

41. Defendant violated this section by its incessant phone solicitations to Plaintiff without his consent and by deceptively sending him products he did not ask for because Defendant knew Medicare would pay for them.

42. As a result of Defendant's violations of 19.86.020, Plaintiff is entitled to recover his actual damages and attorney's fees and costs sustained pursuant to 19.86.090. Further, also pursuant to 19.86.020, the Court has the discretion to award Plaintiff three times his actual damages.

## COUNT III

### (Intrusion Upon Seclusion)

43. Plaintiff incorporates herein by reference paragraphs One (1) through Thirty-five (35) of this Complaint as though fully set forth herein at length.

44. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes … upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45. Revised Code of Washington 42.56.050 prohibits an intentional intrusion, "that would be highly offensive to a reasonable person and is not of legitimate concern to the public."

46. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b) The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c) Defendant's conduct would be highly offensive to a reasonable person.

    d) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is egregious, Plaintiff may recover punitive damages.

## COUNT IV

**(Violations of Revised Code of Washington Dialing and Announcing Device Act 80.36.400)**

48. Plaintiff incorporates herein by reference paragraphs One (1) through Thirty-five (35) of this Complaint as though fully set forth herein at length.

49. Defendant violated Revised Code of Washington 80.36.400(2) (WADAD) which states in pertinent part, "No person may use an automatic dialing and announcing

device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state."

50. Under RCW 80.36.400(1)(a), "An automatic dialing and announcing device is a device which automatically dials telephone numbers and plays a recorded message once a connection is made."

51. Defendant primarily called Plaintiff using an automatic dialer and prerecorded announcing device, not a live person.

52. Further, "a violation of [RCW 80.36.400] is a violation of RCW 19.86." RCW 80.36.400(3).

53. Defendant violated RCW 80.36.400 by making unsolicited commercial solicitation calls using an automatic dialer with a prerecorded announcement and leaving prerecorded messages for Plaintiff "for the purpose of encouraging [Plaintiff] to purchase . . . goods."

54. Defendant is liable to Plaintiff for statutory damages of five-hundred dollars ($500) for every prerecorded call to Defendant. RCW 80.36.400(3); *see also Hartman v. United Bank Card Inc.,* Case No. C11-1753JLR (W.D. Wash. Oct. 4, 2012).

## COUNT V

**(Violations of Revised Code of Washington Telephone Solicitation 80.36.390)**

55. Plaintiff incorporates herein by reference paragraphs One (1) through Thirty-five (35) of this Complaint as though fully set forth herein at length.

56. Defendant violated Revised Code of Washington 80.36.390(3) which states in pertinent part that "if at any time during telephone contact, the called party states or indicates that he or she does not wish to be called again by the company" then the company "shall not make any additional telephone solicitation of the called party at that telephone number *within a period of at least one year*."

57. Defendant violated this section by repeatedly calling Plaintiff *after* Plaintiff unequivocally told Defendant he did not want to be called ever again.

58. Under RCW 80.36.390(6), Defendant is liable to Plaintiff "for at least one-hundred dollars" for every call made without Plaintiff's consent, plus attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Allen Taylor, respectfully requests judgment be entered against Defendant, ALORE, for the following:

A. Actual damages pursuant to 47 U.S.C. § 227(b)(3)(B); or
B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B); and/or
C. Punitive damages pursuant to 47 U.S.C. § 227(b)(3)(C); and
D. Actual damages pursuant to the Revised Code of Washington Chapter 19.86.020; and
E. Costs and reasonable attorneys' fees pursuant to the Revised Code of Washington Chapter 19.86.020 and 80.36.390(6); and
F. Statutory damages pursuant to Revised Code of Washington 80.36.400(3); and
G. Statutory damages pursuant to Revised Code of Washington 80.36.390(3); and
H. Any punitive damages that this Court may be allowed to award Plaintiff; and

I. Any pre-judgment and post-judgment interest as may be allowed under the law; and

J. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

DATED: August 28, 2019

*/s/Dawn M. McCraw*
Dawn M. McCraw, WSBA #54543
Price law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (866) 683-3985
E: dawn@pricelawgroup.com
*Attorney for Plaintiff*
*Allen Taylor*